UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. 2:25-cv-00647-DJC-DMC |
| Petitioner, | |
| v. | ORDER |
| MOISES BECERRA, et al., | |
| Respondents. | |

Petitioner John Doe is an asylum seeker presently in the custody of United States Immigration and Customs Enforcement ("ICE"). Petitioner had been out on bond for over five years before he was taken into custody on January 28, 2025. This Court previously found that Petitioner was entitled to a bond hearing before an Immigration Judge to determine whether his detention was warranted and ordered that Respondents provide such a hearing on or before March 10, 2025, or release Petitioner from their custody. (Order (ECF No. 19).) Petitioner has now filed a Motion to Enforce Preliminary Injunction Order in which he argues that while Respondents provided Petitioner with a bond hearing on March 10, 2025, Respondents failed to comply with the Court's Order as the hearing did not comport with the requirements of due process. (Mot. (ECF No. 23).)

////

For the reasons stated below, the Court denies Petitioner's Motion. Respondents' Motions to Strike and Dismiss, raised in their Opposition, are also denied as non-compliant with the Local Rules.

**BACKGROUND**

The Court previously summarized the events that preceded the Court's prior Order. (*See* Order at 2–3.) Since the issuance of the Court's Order, Petitioner was brought before an Immigration Judge ("IJ") for a bond hearing on March 10, 2025. (Mot. at 2; Opp'n (ECF No. 31) at 2.) At that hearing, the IJ found that the Government had met its burden to show by clear and convincing evidence that Petitioner presented a danger to the community and a risk of flight. (Mot at 2; Opp'n at 3; *see* ECF No. 31-1 at 12:19–13:2.) The IJ issued an oral ruling to that effect and entered a brief order denying Petitioner's request for release on bond. (Mot. at 2.) On April 3, 2024, Petitioner filed both an appeal of the IJ's decision before the Board of Immigration Appeals ("BIA") and the Motion presently before this Court. (Mot at 9; Opp'n at 3.) Subsequently, on April 8, 2025, the IJ issued a long form "Bond Memorandum" which described, in detail, the legal and factual basis for the IJ's decision. (*See* Bond Mem. (ECF No. 31-1 at 30–38).)

The parties have fully briefed Petitioner's Motion (*see* Mot.; Opp'n; Reply (ECF No. 33)) and the Court heard argument from the parties on April 22, 2025, at which time the Court ordered additional, optional briefing from the parties. (ECF No. 38.) Both parties filed additional briefing on Monday, April 28, 2025, at which time Petitioner's Motion was submitted. (ECF Nos. 39, 40.) Within their Opposition, Respondents also moved to strike "unlawfully named officials" in the Petition as well as to dismiss the Petition outright. (*See* Opp'n at 1 n.1, 8–9.)

**DISCUSSION**

**I.   Petitioner's Motion to Enforce Order**

Petitioner argues that his March 10, 2025, bond hearing did not satisfy the requirements of due process as the Government failed to establish by clear and

convincing evidence that Petitioner posed a danger to the community or risk of flight and because the IJ's various evidentiary decisions violated Petitioner's due process rights. Petitioner argues that Respondents thus violated this Court's Order as the bond hearing that Petitioner received did not comport with due process.

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). As such, the Court first considers whether Respondents complied with the Court's Order. At the conclusion of the Court's prior Order, the Court ordered the following:

> The Court finds that Petitioner is entitled to a hearing before an Immigration Judge to determine whether his detention is warranted. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Respondents are ordered to provide Petitioner with such a hearing on or before March 10, 2025, if no hearing occurs by this time, Petitioner shall be released from Respondents' custody.

(Order at 14–15.) Stated succinctly, the Court ordered that by March 10, 2025, Respondents provide Petitioner with a hearing before an IJ where the Government had the burden of establishing, by clear and convincing evidence, that Petitioner posed a danger to the community or a risk of flight. This is precisely the relief requested by Petitioner in his Motion for Temporary Restraining Order. (ECF No. 2.) In their Notice of Motion, Petitioner stated the claim for relief as follows: "Petitioner hereby moves this Court for an order enjoining Defendants . . . to release Petitioner-Plaintiff John Doe (Mr. Doe) until he is afforded a hearing, as required by the Due Process clause of the Fifth Amendment, to determine whether circumstances have materially changed such that Petitioner's re-incarceration would be justified because there is clear and convincing evidence establishing that he is a danger to the community or a flight risk." (*Id*. at i.) In resolving that Motion, the Court had no

3

occasion to determine the precise scope of the hearing that would be required to conform with due process, other than to note the standard of clear and convincing evidence.

Reviewing the record before the Court, Respondents complied with the Court's Order. Petitioner received a bond hearing within the time prescribed by the Court in which the IJ identified the appropriate standard and burden of proof that applied and rendered a determination as to Petitioner's danger to the community and risk of flight. The IJ later issued a memorandum again identifying the correct standard and burden and described, in detail, the basis for the IJ's decision. The hearing afforded Petitioner thus satisfies the Court's prior Order.

Petitioner's Motion challenges the adequacy of the bond hearing on the basis that the Government did not meet its burden and the IJ had committed errors during the hearing that violated due process, such as not permitting Petitioner and his experts to testify. (*See* Mot.) The arguments raised in Petitioner's Motion extend well beyond the scope of the original Habeas Petition and this Court's Order. It is far from apparent that the hearing violated Petitioner's due process rights. Many of the cases Petitioner cites to support his claims that his due process rights were violated come from different hearings, such as during Removal proceedings, where the balancing of due process factors may be different. (*See e.g.*, Reply at 6, 9.) At oral argument, Petitioner's Counsel himself noted the dearth of cases discussing what due process is required at the bond stage. As such, it is unclear that the alleged due process failures Petitioner alleged were in fact violations of due process.

Petitioner may ultimately be correct that the bond hearing he was afforded did not comport with due process. However, the Court's review here concerns whether the Government complied with the Court's Order and provided Petitioner with a bond hearing. As Petitioner was provided with a bond hearing where the IJ stated and seemed to apply the appropriate burden of proof and standard, the Government complied with the Order. While a proceeding could fall so far below what comports

4

with due process as to not constitute a "hearing" under the Court's Order, that did not happen here. As such, Petitioner's Motion to Enforce Preliminary Injunction – brought on the basis that the bond hearing provided did not comply with the Court's Order – must be denied.

Petitioner heavily cites two Northern District of California cases, *Ramos v. Sessions*, 293 F. Supp. 3d 1021 (N.D. Cal. 2018) and *Sales v. Johnson*, No.16-cv-01745-EDL, 2017 WL 6855827 (N.D. Cal. Sept. 20, 2017), to support his contention that it would be appropriate for the Court to grant the relief requested in his Motion. In both cases, the district court granted motions to enforce the court's prior order. However, these cases present substantially different factual scenarios that render them unhelpful and inapplicable here.

In *Ramos*, the petitioner first sought habeas review and a temporary restraining order <u>after</u> the petitioner received a bond hearing before an IJ. *Ramos*, 293 F. Supp. 3d at 1024. The petitioner argued that the hearing he had been provided violated due process because "[the IJ] failed to hold the government to its burden to show by clear and convincing evidence that [the petitioner was a flight risk or a danger to society." *Id*. The court granted in part the habeas petition on this basis and ordered that the Government release the petitioner or provide them with a new bond hearing that complied with due process. *Id.*; *see Ramos v. Sessions*, No. 18-cv-00413-JST, 2018 WL 905922, at *6 (N.D. Cal. Feb. 15, 2018) (ordering that the Government was enjoined from detaining the petitioner "unless they hold a bond hearing which comports with due process, where the Government shows by clear and convincing evidence that she is a flight risk or danger to the community"). After a <u>second</u> bond hearing was conducted, the petitioner returned to the district court and argued that the second hearing was still not compliant with due process and thus violated the court's order. The court ultimately agreed and found that the IJ had committed clear error in finding that the Government had met its burden. *Ramos*, 293 F. Supp. 3d at 1037–38.

5

*Ramos* presents a notably different scenario to the present action. The petitioner in *Ramos* had already received a bond hearing before seeking habeas review and the central question presented in the habeas petition and motion for temporary restraining order was whether that hearing satisfied due process. *Ramos*, 2018 WL 905922, at *2. The original order issued by the court in *Ramos* considered, in detail, the adequacy of the first bond hearing including the evidence presented and the stated bases for the IJ's decision. *Id.* at *4–5. The court found it did not and ordered a second hearing that complied with due process. *Id.* at *6. Thus, the question of whether the substance of the second hearing complied with due process was effectively the same question as whether that hearing complied with the court's order.

Like *Ramos*, *Sales v. Sessions* also concerns a case where the petitioner had already been afforded a bond hearing but had challenged the adequacy of that bond hearing. When the IJ conducted a new hearing after the district court had found the prior hearing to be deficient, the IJ found that they lacked jurisdiction to release the petitioner and denied release. *Sales*, 2017 WL 6855827, at *1–2. Just as in *Ramos*, the district court in *Sales* ultimately issued an order to enforce its original order, finding that the failure to provide a bond hearing violated the court's order. *Id.* at *5–7. However, also as with *Ramos*, this is not informative for the present case.

Unlike *Ramos* and *Sales*, the Petitioner in this case sought habeas review because his due process rights were allegedly violated when the Government failed to provide Petitioner with <u>any</u> bond hearing before he was taken into custody. The Court agreed and ordered that Petitioner be provided with a bond hearing before an IJ and simply stated the appropriate evidentiary burden. Thus, this Court's initial order had nothing to do with the content or adequacy of a bond hearing.

This case is thus akin to *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011). While there are some differences between this case and *Leonardo*, the core facts are extremely similar. In *Leonardo*, the district court ordered a bond hearing based on

prolonged detention. *Id.* at 1159. After that hearing was held, the petitioner returned to the district court seeking to contest the adequacy of the hearing under due process. *Id.* The district court determined that the respondents had complied with its order by providing a bond hearing before an IJ and did not address new arguments that were raised in the petitioner's subsequent motion. *Id.* The Ninth Circuit affirmed that decision stating "[t]he district court was under no obligation to address Leonardo's new arguments under the ambit of ensuring compliance with the earlier order." *Id.* at 1161.

Just as in *Leonardo*, Petitioner's Motion to Enforce thus seeks different relief well beyond what was briefed and ordered previously. Petitioner may challenge the adequacy under due process of the hearing and whether the IJ's finding that the Government had met its burden was in error. However, such a challenge is not properly brought as a motion to enforce the Court's prior Order. Subsequent challenges to the sufficiency of the IJ's determination constitute a new and separate basis for relief which must be brought in a habeas proceeding after Petitioner has exhausted his administrative remedies.

Moreover, binding Ninth Circuit precedent imposes a prudential exhaustion requirement where a petitioner contests the adequacy of a bond hearing after a district court orders such a hearing. *Leonardo*, 646 F.3d at 1160; *see Diaz Reyes v. Mayorkis*, 854 Fed. App'x 190, 191 (9th Cir. 2021). Petitioner must first exhaust his administrative remedies by seeking review of the IJ's decision before the BIA. *Id.* Courts can waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal citations and quotation marks omitted). The Court notes that in its prior Order, the Court waived the prudential exhaustion requirement as it found that exhaustion would be futile given the Government's position that Petitioner was subject to mandatory detention.

7

(Order at 11 n.4.) Thus, an appeal to the BIA was futile at that time as an appeal could not result in Petitioner receiving a bond hearing. (*Id.*) However, Petitioner has not made a showing that any of the exceptions to the exhaustion requirement apply at this stage of the proceedings.

While Petitioner points to the fact that his habeas petition challenges his initial arrest, which the IJ does not have jurisdiction to consider, (Pet'r's Suppl. Br. (ECF No. 39) at 2), that fact is immaterial at this stage of the proceedings where the Government has now provided Petitioner with a hearing. Rather, the BIA is well-equipped to consider the challenges to the IJ's decision, and application of the exhaustion requirement is appropriate. *See, e.g., Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("Mr. Aden asserts that by relying too heavily on his criminal history in determining whether Mr. Aden is a danger to society, the IJ did not hold the government to the clear and convincing evidence standard, in violation of his constitutional due process rights. . . . But the BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that Mr. Aden is a current danger and must be detained."); *see also Morgan v. Gonzales*, 495 F.3d 1084, 1090 n. 2 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims.").

For these reasons, Petitioner's Motion to Enforce Preliminary Injunction Order must be denied.

**II.    Respondents' Motions**

Within a footnote in their Opposition, Respondents request that the Court strike certain Respondents from the Petition. (*See* Opp'n at 1 n.1, 8–9.) Respondents previously sought to dismiss certain Respondents via the same method: a footnote in an opposition. In its prior Order, the Court directed Respondents that any such

1  request needed to be made via a noticed motion.  (Order at 12.)  Respondents have
2  again failed to properly notice this motion.  Respondents Motion to Dismiss, raised
3  within their Opposition to Petitioner's Motion and not properly noticed on the Court's
4  calendar, is also not proper.[1]  Both motions are denied without prejudice as non-
5  compliant with the Local Rules.  See E.D. Cal. L.R. 230.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce Preliminary Injunction Order (ECF No. 23) is DENIED.  Respondents' Motions to Dismiss and Strike (ECF No. 31) are also DENIED as non-compliant with the Local Rules.

IT IS SO ORDERED.

Dated:  **April 29, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – doe25cv00647.enforce

---

[1] The Court notes that while the Motion for Temporary Restraining Order and subsequent Motion to Enforce the Preliminary Injunction Order were properly before this Court, under Local Rule 302(c)(17), this matter is generally referred to the assigned Magistrate Judge.

9