UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. 2:25-cv-00647-DJC-DMC |
| Petitioner, | |
| v. | ORDER |
| MOISES BECERRA, et al., | |
| Respondents. | |

    Petitioner is a noncitizen who is seeking asylum and is presently in custody. The Court previously issued a Preliminary Injunction ordering that Petitioner be provided with a hearing before an Immigration Judge to determine whether his continued detention was warranted. (ECF No. 19.) Petitioner subsequently received a hearing before an Immigration Judge. Petitioner has now moved for this Court to amend its prior Preliminary Injunction to order his release. (Mot. (ECF No. 42).)

    Petitioner argues for release on four grounds: (1) since Petitioner's hearing INTERPOL has placed a "provisional block" on the Red Notice regarding Petitioner, "thus preventing any member countries from accessing or utilizing that information against Petitioner[,]" (2) other courts cited the Court's Order granting Preliminary Injunction to grant release to other petitioners in similar situations, (3) the time for the Board of Immigration Appeals ("BIA") to rule on Petitioner's appeal from the decision

1

of the Immigration Judge will be lengthy, and (4) Petitioner's health has worsened as a result of detention. (*Id.* at 6.) These arguments are ultimately unpersuasive as Petitioner received a hearing before an Immigration Judge as required by the Preliminary Injunction. For this reason and the reasons stated below, Petitioner's Motion to Amend Preliminary Injunction is denied.

## BACKGROUND

Petitioner is an asylum seeker who has been in the United States since July 26, 2019. Petitioner was taken into Immigration and Customs Enforcement custody on January 28, 2025, after five years out of custody in the United States. Petitioner filed this action on February 24, 2025, and immediately sought preliminary injunctive relief. (ECF Nos. 1, 2.) The Court found that Petitioner had a liberty interest, and that due process required that Petitioner be given a hearing before an Immigration Judge "to determine whether detention is warranted[.]" (ECF No. 19 at 11.) The Court ordered that the government provide Petitioner with such a hearing. After receiving a hearing, the Immigration Judge determined that detention was warranted. Petitioner appealed that decision to the BIA and also filed a motion in this Court to enforce the Preliminary Injunction, arguing that the hearing did not comply with the Court's Preliminary Injunction Order. The Court denied that motion, finding that Petitioner was provided a bond hearing as ordered and that detailed concerns about the adequacy of the bond hearing were not within the scope of the Court's Order, and finding that the hearing did not so clearly deficient so as to fall below what was required by due process. (*See* ECF No. 41.)

Petitioner now brings a Motion to Amend Preliminary Injunction, requesting that the Court amend its Preliminary Injunction to order Petitioner's release. The Motion is fully briefed. (Mot.; Opp'n (ECF No. 52); Reply (ECF No. 53).) The Motion was ordered submitted on September 24, 2025, under Local Rule 230(g). (ECF No. 54.)

**DISCUSSION**

The history and present posture of this case are dispositive of Petitioner's Motion. In issuing the Preliminary Injunction, the Court ordered that a hearing be promptly conducted to ensure the protection of Petitioner's due process rights. That hearing was held. Thus, the due process issue that prompted the Court to issue the Preliminary Injunction – Petitioner's detention without a hearing to determine whether detention was warranted – no longer exists. None of the arguments Petitioner's raises in his Motion alters this fact.

Petitioner contends that amendment of the Preliminary Injunction to order Petitioner's release is warranted because the Red Notice has been provisionally blocked by INTERPOL. (Mot. at 11.) The existence of the Red Notice was not relevant to the Court's decision to issue the Preliminary Injunction.[1] Moreover, the subsequent invalidation of the Red Notice does not alter the fact that Petitioner received a detention hearing as ordered by the Court.[2] The Court found that due process required a hearing to determine if detention was warranted. Petitioner received that a hearing satisfying the Court's Order.

Similarly, the fact that other courts have ordered the release of individuals in similar situations is ultimately moot given that Petitioner was already afforded a hearing at the time of the present Motion. Petitioner cites several cases in which courts released petitioners from custody. (Mot. at 8 (citing *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735 (E.D. Cal. July 16, 2025), *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1940179 (E.D. Cal. July 16, 2025); *Domingo v.*

---

[1] In fact, the Court's only reference to the Red Notice in any order it has issued in this action was to note that while Petitioner was subject to a Red Notice, "many sources, including Congress, have noted serious reliability issues with Red Notices." (ECF No. 19 at 8.)

[2] Petitioner plainly states that "[he] does not seek to review the merits of the IJ's bond determination here." (Mot. at 11.) The Court takes no position in this order as to the adequacy of the Immigration Judge's determination in light of the provisional block on the Red Notice. As noted in the Court's Order on Petitioner's Motion to Enforce the Preliminary Injunction, arguments such as whether the Government met its burden of evidence at the detention hearing are beyond the scope of the operative habeas petition and this Court's Preliminary Injunction Order. (*See* ECF No. 41 at 4.)

*Kaiser*, No. 25-cv-05893-RFL, 2025 WL 1940179, at *5 (N.D. Cal. July 14, 2025); *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO, 2025 WL 1918679 (E.D. Cal. July 11, 2025); *Pinchi v. Noem*, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763 (N.D. Cal. July 4, 2025); *Galindo Arzate v. Andrews*, No. 1:25-cv-00942-KES-SKO, 2025 WL 2230521 (E.D. Cal. Aug. 4, 2025); *Pablo Sequen v. Kaiser*, --- F. Supp. 3d ----, 2025 WL 2203419 (N.D. Cal. Aug. 1, 2025); *Ramirez-Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2097467 (N.D. Cal. July 25, 2025); *M.R. v. Kaiser*, --- F. Supp. 3d ----, 2025 WL 1983677 (N.D. Cal. July 17, 2025).)  Had Petitioner not yet received a hearing, it is possible that Petitioner could argue from these cases that the weight of authority suggested that where Petitioner had a liberty interest and had not been afforded a pre-detention hearing, he should be released.[3]  But that is not the present posture of this case.

Petitioner received a hearing to determine whether detention was warranted.  The cases cited by Petitioner supports that Petitioner's receipt of a detention hearing satisfies the requirements of due process.  In every case, the court's order specifically permits the petitioner's detention if the Government affords the petitioner a hearing.  *See Phan*, 2025 WL 1993735, at *7 (barring re-detention "without notice and an opportunity to be heard"); *Hoac*, 2025 WL 1940179, at *7 (same); *Domingo*, 2025 WL 1940179, at *5 (barring re-detention without notice and a pre-deprivation hearing before a neutral decisionmaker); *Singh*, 2025 WL 1918679, at *10 (same); *Pinchi*, 2025 WL 1853763, at *4 (same); *Galindo Arzate*, 2025 WL 2230521, at *7 (same); *Pablo Sequen*, 2025 WL 2203419, at *4 (same); *Ramirez-Clavijo*, 2025 WL 2097467, at *4 (same); *M.R.*, 2025 WL 1983677, at *10 (same).  Thus, where, as here, the petitioner has been afforded the hearing required by due process, there is no basis for the Court subsequently to amend the Preliminary Injunction to order Petitioner's release.  The requirements of due process have been satisfied.

---

[3] The Court notes that Petitioner specifically requested a hearing before a neutral decisionmaker within seven days of the Court's order as an alternative basis of relief, perhaps distinguishing this case from those cited by Petitioner.  (ECF No. 2 at 19, 24–25.)

Petitioner also argues that amendment to the Preliminary Injunction to order his release is warranted because his health condition has worsened as a result of his continued detention. Petitioner contends that "[t]he harm being inflicted upon Petitioner goes well beyond his unlawful incarceration." (Mot. at 14.) Petitioner documents numerous alleged issues with Petitioner's safety and healthcare treatment while he has been in custody. (*Id.* at 14–17.) The Court has no reason to doubt Petitioner's claims, but they are beyond the scope of the Court's Preliminary Injunction. Beyond potential relevance to a determination of irreparable harm, Petitioner's claims about his conditions of confinement are not relevant to the merits of the due process violation that was at issue when the Court granted the Preliminary Injunction.

Finally, Petitioner argues that the time for BIA to rule on his appeal justifies the Court ordering his release. However, during the briefing of this Motion, the BIA ruled and denied Petitioner's appeal. As such, this argument is now moot and need not be addressed.

**CONCLUSION**

The arguments raised in Petitioner's Motion do not overcome the procedural posture of this case. The Court's Preliminary Injunction was issued based on the Court's finding that Petitioner had a liberty interest in freedom from confinement and that due process required he be given a hearing before an Immigration Judge to determine whether his continued detention was warranted. Petitioner received such a hearing, thus satisfying what due process requires.

Accordingly, IT IS HEREBY ORDERED that the Petitioner's Motion to Amend Preliminary Injunction (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated:  **October 20, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE