UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

               Petitioner,

v.

MOISES BECERRA, et al.,

               Respondents.

No. 2:25-cv-00647-DJC-DMC

ORDER

Petitioner John Doe is a non-citizen presently in the custody of Immigration and Customs Enforcement ("ICE").  Petitioner was originally taken into custody despite having been previously released on bond.  The Court granted a Temporary Restraining Order and Preliminary Injunction in this case, ordering that Petitioner receive a bond hearing before an Immigration Judge ("IJ").  At that hearing, Petitioner was ordered detained without bond by the assigned IJ on the basis that Petitioner was a flight risk and a danger to the community.

Petitioner has filed a Supplemental Petition for Writ of Habeas Corpus. (Supplemental Pet. (ECF No. 46).)  In light of the procedural posture of this case, this is better understood as an Amended Petition, as the sole claim in the initial Petition was effectively mooted by the Court's initial Temporary Restraining Order.  In this operative Petition, Petitioner argues that the IJ's denial of bond, as well as the BIA's

1

affirmance of the IJ's decision, violated Petitioner's due process rights in the finding that Petitioner was a danger to the community.[1]  Briefing of the Petition is now complete.[2]

## LEGAL STANDARD

In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).  This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard."  *Id.* (citation and quotations omitted).  "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).  The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."  *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## DISCUSSION

### I.  Adequacy of the Bond Hearing

Petitioner's main arguments as to the substantive adequacy of the bond hearing revolve around the IJ's decision to not hear testimony.  Petitioner contends this was in an abuse of discretion as it prevented Petitioner from testifying, cross-examining witnesses, and presenting other evidence in his favor.  The Court finds that

---

[1] As the BIA did not affirm the flight risk determination, this was not addressed by Petitioner and, based on the below, need not be addressed by the Court.

[2] In response to the Supplemental Petition, Respondents filed a "Motion to Dismiss and Response to Petition for Writ of Habeas Corpus" which served as both a response to the Petition and a Motion to Dismiss.  (Response (ECF No. 55).)  In the interest of efficiency, the Court considers only the briefing on the underlying Petition.

based on the record before it the decision to not hear testimony does not constitute legal error such that it was an abuse of discretion.

In support of his first argument that it was error to prevent Petitioner from testifying, Petitioner contends that due process requires that the IJ permit Petitioner to testify. However, Petitioner fails to cite any authority in the Traverse that directly supports this proposition. (*See* Traverse (ECF No. 61) at 10–12.) Instead, Petitioner cites cases in the removal posture where the Ninth Circuit has found it to be an abuse of discretion to not permit a Petitioner to testify. (Traverse at 11 (citing *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005)).) But these present a vastly different context that makes it impossible to directly compare to the present case. While Petitioner states that "[t]hese protections apply with equal force to the hearing this Court ordered[,]" (Traverse at 11), Petitioner does not provide any legal support for this assertion. Petitioner also cites out of circuit decisions in criminal cases concerning bail revocation and termination of supervised release. (Traverse at 11–12.) Again though, this case is in a vastly different factual posture from those cases. Moreover, the cited cases reach their decisions on legal grounds different from the ones that Petitioner argues apply here. For example, while *United States v. Davis*, 845 F.2d 412 (2d Cir. 1988), did hold that a defendant was entitled to testify during bail revocation proceedings, the Second Circuit's determination was based exclusively on statutory grounds. *Id.* at 415 ("[T]he legislative history of § 3148 makes it clear that Congress did intend to give defendants an opportunity to testify and to present evidence on their own behalf."). Petitioner thus fails to establish that the IJ's failure to permit Petitioner's testimony was clear legal error.

Petitioner has not established that the failure to permit cross-examination or the introduction of other evidence was in error. In a similar vein to the above, Petitioner cites cases that concern final merits determinations regarding the deprivation of rights, such as during sentencing and juvenile delinquency proceedings. (*See* Traverse at 12–13.) Petitioner is certainly correct that the constitutional rights of

prisoners provide only a floor of the constitutional rights of immigration detainees. But Petitioner has not cited a case establishing that even such a floor of constitutional rights exists in analogous criminal contexts.  Petitioner's contention that the IJ's decision to not hear testimony also prevented Petitioner from presenting evidence is also unpersuasive given Petitioner was apparently able to submit declarations and evidence from these witnesses.  (Traverse at 13–14.)

Given the above, Petitioner has not established that the IJ abused their discretion and violated Petitioner's due process rights in declining to hear testimony. Petitioner has also not established that the BIA's decision to affirm the IJ's determination was an abuse of discretion.

**II.  Denial of Bond**

In addition to the above concerns, Petitioner argues that the decision itself to deny bond constituted an abuse of discretion.  This argument is partially grounded in the alleged legal errors identified above, but is also separately based on the information on which the IJ relied in reaching their determination.  The Court is unpersuaded that the IJ's bond determination was an abuse of discretion.  In considering the adequacy of a bond determination, the Court's review is limited and does not involve the re-weighing of evidence.  *Martinez*, 124 F.4th at 784.  Petitioner's arguments as to the evidence considered and its sufficiency extend far beyond the realm of this Court's review.  In the absence of any red flags, the Court generally takes the immigration court at its word that it has applied the correct legal standard.  *See id.* at 785.  No red flags exist here and all indications here are that the IJ applied the appropriate legal standard and reached a decision that was supported by sufficient evidence.  This applies equally to the BIA's decision.  As such, the Court cannot find that the IJ's decision to deny bond was an abuse of discretion.[3]

---

[3] In the Response and Traverse, the Parties discuss arguments raised outside the Petition regarding the neutrality of the IJs.  (Response at 6–7; Traverse at 24–25.)  This appears to be outside the claims raised in the Petition and thus does not require adjudication.  However, to the extent Petitioner intended to raise this claim, Petitioner has not presently established a basis for this assertion, especially given the

**III. Subsequent Developments**

The Court understands that Petitioner has now been in custody for over a year and, in the time since the bond hearing was conducted, there have been developments that could affect the weight of some evidence that was presented and considered during the bond hearing. While this is not germane to the scope of the Court's current review, this appears to be a relevant consideration during a future review of Petitioner's present custody. The Court also notes that in subsequent filings, Petitioner has raised substantial concerns regarding the adequacy of medical treatment he has received in custody. However, these are not currently separate claims before the Court and, even if they were, it is unclear if they would sound in habeas, though the Supreme Court has left this question somewhat open. *See Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023) ("[T]he Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus.")

////
////
////
////
////
////
////
////
////
////
////
////

Court's determination above that the IJ's denial of bond in Petitioner's case was not an abuse of discretion.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's Supplemented Petition for Habeas Corpus (ECF Nos. 1, 46) is DENIED.[4]

2.  Respondent's Motion to Dismiss (ECF No. 55) and Petitioner's Motion for Temporary Restraining Order (ECF No. 71) are DENIED AS MOOT.

3.  The Clerk of Court is directed to close this case.  This order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[4] This denial is without prejudice to Petitioner bringing a petition seeking relief on any other basis.

6